UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**INTEGRITY BULK APS**     **CIVIL ACTION**

**VERSUS**     **NO. 21-01114**

**CS SATIRA M/V, *ET AL*.**     **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Satira Shipping Company Ltd.'s Motion to Vacate Attachment/Arrest of the CS SATIRA M/V (Doc. 22). A hearing on the Motion was held on August 19, 2021. For the following reasons, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff Integrity Bulk APS ("Integrity Bulk") brings this action for breach of a charter party agreement and to obtain security for foreign arbitration against the CS SATIRA M/V ("SATIRA"), an oceangoing bulk carrier, and Defendants Satira Shipping Company Ltd. ("Satira Shipping"), the vessel's owner.

1

On November 11, 2016, Satira Shipping chartered the SATIRA to Integrity Bulk under a time charter party agreement. Integrity Bulk thereafter sub-chartered the vessel to Pacific Basin Handysize Ltd ("Pacific Basin"). While under the sub-charter, a survey of the ship revealed that patches of barnacles covered much of its hull. As a result, the vessel had to deviate from its course and undergo a hull cleaning, at Integrity Bulk's expense. Later, a port logistics company ordered that one of the vessel's cranes cease operating because of damage and needed repairs. Pacific Basin allegedly withheld funds owed to Integrity Bulk as a result of these issues with maintenance and the crane.

Plaintiff Integrity Bulk alleges that Satira Shipping breached the charter party by (1) violating its warranty that the vessel would be eligible for the ports nominated under the charter party, (2) failing to keep the vessel in a thoroughly efficient state, and (3) neglecting to maintain one of the cranes on the vessel. Accordingly, Integrity Bulk seeks damages for overpaid hire time, hull cleaning expenses, and crane repairs, totaling at least $341,942.55. Integrity Bulk also seeks approximately $200,000 in security "for all legal fees and the costs of arbitration, including expert fees."[1] The charter party between Integrity Bulk and Satira Shipping dictates that any dispute between the parties should be referred to arbitration in London and that English law applies.

---

[1] Doc. 1 at 12.

On June 9, 2021, this Court granted (1) Plaintiff's Motion for Issuance of a Warrant of Arrest *in rem*[2] under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and (2) Plaintiff's Motion for Writ of Attachment & Garnishment[3] under Rule B of the Supplemental Rules.

Now before the Court is Satira Shipping's Motion to Vacate Attachment/Arrest of the SATIRA. Satira Shipping argues that Rule C arrest was improper because English law applies and no maritime lien would arise under English law that is sufficient to arrest the vessel thereunder. Satira Shipping also contends that the Rule B attachment was improper because Integrity Bulk's action is for indemnity, not for breach of the charter party as claimed, and that "the claims asserted herein will be mooted if that foreign arbitration is resolved in Integrity Bulk's favor."[4]

## LEGAL STANDARD

Supplemental Rule C provides, in relevant part:

(1) When Available. An action in rem may be brought:
    (a) To enforce any maritime lien;
    (b) Whenever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto.
Except as otherwise provided by law a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable.

Next, Supplemental Rule B states, in relevant part:

---

[2] Doc 2.
[3] Doc 3.
[4] Doc. 22 at 2.

3

> (1)(a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.
>
> A plaintiff invoking Rule B attachment must:
>
> satisfy filing, notice, and service requirements, and must also show that: (1) the plaintiff has a valid *prima facie* admiralty claim against the defendants; (2) the defendants cannot be found within the district; (3) the defendants' property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment.[5]

"Once a defendant's property has been attached, and the defendant contests the attachment by moving to vacate the attachment under Rule E(4)(f), the attachment must be vacated unless the attaching party presents sufficient evidence to show probable cause for the attachment."[6]

## **LAW AND ANALYSIS**

Satira Shipping asks this Court to vacate or reduce both the Rule C arrest and the Rule B attachment of the SATIRA. The Court will discuss each Rule in turn.

---

[5] Casillo Commodities Italia S.P.A. v. M/V LONG CHEER, No. CV 16-16612, 2017 WL 2804925, at *4 (E.D. La. June 28, 2017) (Feldman, J.).

[6] *Id.* (citing Austral Asia Pte Ltd. v. SE Shipping Lines Pte Lrd., No. 12-1600, 2012 WL 2567149 (E.D. La. July 2, 2012) (Engelhardt, J.)).

4

## I. Rule C Arrest

At the hearing on this Motion, counsel for Satira Shipping stipulated that English law applies. Before this stipulation was made, Integrity Bulk noted that if Satira Shipping agreed that English law applied to this case, then the Rule C arrest would be dismissed. Accordingly, considering the stipulation that English law applies, this Court will vacate the Rule C arrest of the SATIRA.

## II. Rule B Attachment

Satira Shipping moves to vacate the Rule B attachment on the grounds that Integrity Bulk's claims cannot support such attachment because they sound in indemnity and are therefore contingent on the resolution of the arbitration with Pacific Basin. A valid *prima facie* admiralty claim is the first substantive requirement for Rule B attachment, and courts have held that some contingent claims, including ones for indemnity, are too premature or unripe to satisfy Rule B.[7]

In support of vacatur, Satira Shipping contends that Pacific Basin is responsible for the damages that Integrity Bulk suffered and seeks to recover in this case. Satira Shipping further avers that insofar as Integrity Bulk has security from Pacific Basin via foreign arbitration, the claims brought here against Satira Shipping are for indemnity and cannot anchor the Rule B attachment.

---

[7] *See, e.g.*, Bottiglieri Di Navigazione SPA v. Tradeline LLC, 293 Fed. Appx. 36 (2d Cir. 2009); Aosta Shipping Co. v. OSL S.S. Corp., 594 F. Supp. 2d 396 (S.D.N.Y. 2009).

In support of this argument, Satira Shipping cites a number of cases in which courts vacated or reduced Rule B attachments on the grounds that the underlying claims were contingent and therefore unripe.[8] In *Aosta Shipping v. OSL S.S.*, the plaintiff alleged as a basis for Rule B attachment that the defendant was ultimately liable for claims asserted against the plaintiff by third-party cargo receivers, and the court vacated the attachment for lack of ripeness.[9] In *EITZEN BULK A/S v. Capex Industries*, the court, again for reasons of unripeness, vacated the portion of an attachment order that represented the amount of the plaintiff's potential liability to a third party, for which the defendant was allegedly responsible.[10] Finally, in *CPM Corp. v. Prominent Shipping*, the court deemed unripe a claim for damages that the plaintiff might incur in the future as a result of arbitration with a third party.[11]

It is clear from the brief presentation of these decisions that they do not apply to the present case. Integrity Bulk did not seek attachment on the grounds that it is likely to be liable to a third party like Pacific Basin. In the cases cited by Satira Shipping in support of its indemnity argument, the plaintiffs justified Rule B attachment at least in part on their potential liability

---

[8] *Bottiglieri Di Navigazione SPA*, 472 F. Supp. 2d 588 (S.D.N.Y. 2007); *Aosta Shipping Co.*, 594 F. Supp. 2d 396; EITZEN BULK A/S v. Capex Industries, No. 08-9868, 2009 WL 855797 (S.D.N.Y. Mar. 26, 2009); CPM Corp. v. Prominent Shipping PTE, Ltd., No. 07-552, 2009 2009 WL 3787380 (S.D.N.Y. Nov. 12, 2009).

[9] *Aosta Shipping Co.*, 594 F. Supp. 2d 396, 398–99.

[10] *EITZEN BULK A/S*, 2009 WL 855797, at *2–3.

[11] *CPM Corp.*, 2009 WL 3787380, at *2–4.

to some third party.[12] That is not the case here. While Integrity Bulk may have security in a foreign proceeding based on charges against another party, that fact does not convert its claims against Satira Shipping into ones for indemnity.

The present case involves a direct contractual action by Integrity Bulk against Satira Shipping for alleged breaches of their charter party agreement. Integrity Bulk seeks to recover funds as reimbursement for specific expenses that it has already paid to others, including crane repairs and hull maintenance. Additionally, Pacific Basin withheld hire payments to Integrity Bulk, another out-of-pocket loss, and Integrity Bulk paid hire to Satira Shipping under a reservation of rights to regain those amounts if entitled to do so. These are claims for compensable damages, not demands for indemnification, and they adequately support the Rule B attachment.

Finally, Satira Shipping's Reply to Integrity Bulk's Response (Doc. 29) raises arguments not included in its Motion to Vacate. The Court need not consider arguments and legal theories raised for the first time in a reply brief.[13]

## CONCLUSION

For the foregoing reasons, the Motion to Vacate Attachment/Arrest of the CS SATIRA (Doc. 22) is **GRANTED IN PART AND DENIED IN PART**.

---

[12] *See Bottiglieri Di Navigazione SPA*, 472 F. Supp. 2d 588 (S.D.N.Y. 2007); *Aosta Shipping Co.*, 594 F. Supp. 2d 396; *EITZEN BULK A/S*, 2009 WL 855797; *CPM Corp.*, 2009 WL 3787380

[13] Murillo v. Coryell Cty. Tradesmen, LLC, No. 15-3641, 2017 WL 1155166, at *3 n.48 (E.D. La. Mar. 28, 2017) (collecting cases).

**IT IS ORDERED** that the Motion to Vacate the Court's Order of Issuance of Writ of Attachment & Garnishment Pursuant to Admiralty Rule B is **DENIED**.

**IT IS FURTHER ORDERED** that this Court's Order For Issuance of Warrant of Arrest, *In Rem* be vacated. (Doc. 10).

New Orleans, Louisiana this 27th day of August, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**